## JOHN POWERS *v.* WRIGHT BRO'S.

ATTACHMENT.  *Creditor of defendant intervening.  Act of March* 11, 1884, *construed.*
An act of the legislature approved March 11, 1884, entitled "An act re-
lating to damages in attachment cases," confers upon creditors of the defend-
ant in attachment the right to intervene and defend the suit in case of his
failure to do so, and provides that if the judgment shall be in favor of the
intervener it shall be for any damages found by the jury, whether actual or
vindictive, and shall have the effect to abate the suit as well as the writ.
This act, while remedial as to the intervener, is penal as to the plaintiff, and
therefore cannot be applied to suits pending at the time of its passage.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

On the 9th day of January, 1884, the firm of Wright Bro's sued
out an attachment against Henry Woods, returnable to the March
term, 1884, of the circuit court.  At the return term of the writ,
no plea having been filed by the defendant and no trial had or
judgment rendered in the case, John Powers appeared on some day
subsequent to the 11th of March, 1884, and moved for leave to
come in and contest the alleged grounds of the attachment, basing
his motion upon an affidavit to the effect that he was a creditor of
Woods, and believed the "grounds upon which the writ was sued
out are untrue." He proposed to execute a bond with such penalty
as the court might prescribe, conditioned for the payment of the
cost of the trial in case it should be determined against him.  But the
court overruled his motion, and from the judgment on the motion
he appealed.

The motion above referred to was based upon an act of the leg-
islature entitled " An act relating to damages in attachment cases,"
approved March 11, 1884, and containing among others the follow-
ing provisions :

"Section 1. Be it enacted by the legislature of the State of Mis-
sissippi, that if upon the trial of a plea in abatement to any attach-
ment the jury shall find for the defendant, and shall certify in their
verdict that they believe the attachment was sued out recklessly or
wantonly and without probable cause, or with intent to oppress the

defendant, they shall not be confined to actual damages merely, but any damages they may assess for the defendant shall stand and judgment be entered therefor, unless the court shall certify in the judgment setting aside such verdict that, in its opinion, the same is grossly unscionable or wholly unwarranted by the facts.

" Sec. 2. Be it further enacted, that any creditor of a defendant in any attachment sued out under the provisions of chapter 67 of the Revised Code of 1880 shall have the right to intervene in any court where the same may be pending, and contest the grounds alleged for suing out the same by plea in abatement of the writ, upon making and filing in such court an affidavit setting forth that he is a creditor of the defendant, and that he believes the alleged ground or grounds of attachment to be untrue, and in such case that shall be the issue to be tried, unless the defendant has pleaded, or shall before the trial plead, in abatement of the writ, and in such case the creditor intervening may introduce testimony in behalf of the defendant ; *provided,* that any person intervening as a creditor under the provisions of this act shall give bond in such penalty as the court shall prescribe, conditioned to pay the costs of the trial in case the issue shall be found against him ; and *provided further,* that a trial shall not be allowed in the same case on more than one plea in abatement.

" Sec. 3. Be it further enacted, that whenever the issue joined upon a plea in abatement of any writ of attachment shall be found for the defendant, or the creditor intervening under this act, the judgment of the court shall be that the defendant recover of the plaintiff and his sureties the amount of the damages assessed by the jury and costs, that the suit as well as the writ shall abate."

The last section of the act repealed all acts and parts of acts in conflict with it, and provided that it should take effect from and after its passage.

*H. C. McCabe,* for the appellant.

The statute under consideration is remedial, and looks backward as well as forward. In *Green* v. *Anderson,* 10 G. 359, it is held " that if the statute be remedial, then the rule that it looks forward and not backward does not apply ; on the contrary, remedial statutes

are to be liberally construed to advance the remedy, and it will apply to causes of action of that class without any express words to that effect.    In the case quoted above, the supreme court held that the attachment laws of 1857 were remedial.    See also *Clarke* v. *McCreary*, 12 S. & M. 347; *Carson* v. *Carson*, 40 Miss. 349; *Read* v. *Bell*, 42 Miss. 472; *Caruthers* v. *Hurley*, 41 Miss. 71; *Briscoe* v. *Ankitill*, 6 C. 361; *Cowan* v. *McCutchen*, 43 Miss. 207; 15 Howard U. S. S. C. 319; *Bronson* v. *Kenzie*, 1 Miss. 316; *McCracken* v. *Hayward*, 2 How. 612; *Nevitt* v. *Bank Port Gibson*, 6 S. & M. 513; *Kaufman* v. *Bank Ky.*, 40 Miss. 29; *Swann* v. *Buck*, 40 Miss. 268; *McMullan* v. *Sprague*, 4 How. 647; *Woods* v. *Borie*, 5 How. 285; *Sturges* v. *Crowninshield*, 4 Wheat. 200; *Mason* v. *Haill*, 12 H. 370; *Brown* v. *Dillahurty*, 4 S. & M. 713; *Jackson* v. *Lamphire*, 3 Peters 290; *Tarpley* v. *Hamer*, 9 S. & M. 310; *Stephenson* v. *Osborne*, 41 Miss. 119.

*Birchett & Gilland*, for the appellees.

It is a settled rule of construction that a statute shall not have a retrospective operation unless the intention of the legislature that it shall so operate is manifested by the most clear and unequivocal expressions.    *Brown* v. *Wilcox*, 14 S. & M. 127; *Stewart* v. *Davidson*, 10 S. & M. 351; *Hooker* v. *Hooker*, 10 S. & M. 599; *Carson* v. *Carson*, 40 Miss. 349; *Garrett* v. *Beaumont*, 24 Miss. 377; *In re Fuller*, 79 Ill. 99; *Garrett* v. *Wiggins*, 1 Scam. (Ill.) 335; *Perkins* v. *Perkins*, 7 Conn. 558; *Hastings* v. *Lane*, 15 Maine 134.

The legislature cannot interfere with vested rights, and the remedy is frequently a part of the vested right, and must always be so *after* the suit has been brought.    *Coffman* v. *Bank*, 40 Miss. 28; *Nevitt* v. *Bank*, 6 S. & M. 513.

Instead of being liberally construed for the benefit of the attaching creditor, as the Code of 1880 provides, this act calls for a strict construction as against him, for parts of the act are in their nature highly penal to him.    *Merrill* v. *Mechior*, 30 Miss. 516; *Foote* v. *Vansant*, 34 Miss. 40.

*Buck & Clark*, on the same side.

To give a retroactive effect to a law, it must plainly appear by the

terms of it that such was the legislative intent. This cannot be drawn from it by inference or implication. It must appear "unequivocally" by the terms of the act itself. Potter's Dwarris on Statutes, p. 162 and note. See also *Carson* v. *Carson*, 40 Miss. 349; 10 S. & M. 357 and 599; Cooley's Constitutional Limitations 370 (2 Ed.). See also 16 Wall. 314; *Green* v. *Anderson*, 10 Geo. 359; *Garrett* v. *Beaumont*, 24 Miss. 377.

COOPER, J., delivered the opinion of the court.

The act of March 11, 1884, entitled "An act relating to damages in attachment cases" (Acts of 1884, page 76), is in its general scope of a penal nature, and on well-settled principles is to be construed as operating only prospectively. In so far as it confers upon any creditor of the defendant the right to intervene and defend the suit, where he fails to do so it might be construed as remedial and operative as to pending suits, but for the provision it contains that if the judgment is in favor of the intervener it shall be for any damages found by the jury, whether actual or vindictive, and that its effect shall be to abate the suit as well as the writ. While remedial as to the intervener, it is penal as to the plaintiff.

*Judgment affirmed.*